# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> **Rencher/Arcadia Apartments, LLC.,** <br><br> Debtor. | **Bankruptcy Case No. 12-41256-JDP** |
| **Rencher/American Manor, LLC.,** <br><br> Debtor. | **Bankruptcy Case No.12-41257-JDP** |
| **Rencher Real Estate, LLC.,** <br><br> Debtor. | **Bankruptcy Case No. 12-41334-JDP** |

_____

**MEMORANDUM OF DECISION and ORDER**

_____

**Appearances:**

    Mark Lapham, Danville, CA, Attorney for Debtor

    Craig Christensen, Pocatello, Idaho, Attorney for Wells Fargo Bank

    Mary Kimmel, Boise, Idaho, Attorney for U.S. Trustee

MEMORANDUM and ORDER-    1

This Memorandum constitutes the Court's findings of fact, conclusions of law, and decision, concerning the Orders to Show Cause ("OSCs") issued by the Court at the request of the United States Trustee ("UST") in each of these cases, directed to Tamla Rencher. Bankr. No. 12-41256, Dkt. No. 27, Bankr. No. 12-41257, Dkt. No. 25, and Bankr. No. 12-41334, Dkt. No. 51. The OSCs each ordered that Ms. Rencher appear before the Court to "show cause why she should not be sanctioned for willfully violating prior orders of the Court," such orders having been entered in several other, prior bankruptcy cases involving companies she controls. In each of those cases, the Court's order, entered in connection with dismissal of the cases for failure to file schedules and otherwise prosecute them, prohibited Ms. Rencher from filing any additional bankruptcy cases for her corporate entities for a period of one year without first obtaining permission of the Court to do so, and in any such bankruptcy cases, without filing full and complete schedules with the petitions.

MEMORANDUM and ORDER-    2

Ms. Rencher, through her attorney, filed responses to the OSCs, which the Court has considered.  Bankr. No. 12-41256, Dkt. No. 42; Bankr. No. 12-41257, Dkt. No. 36; and Bankr. No. 12-41334, Dkt. No. 66.  Thereafter, as set forth in the OSCs, a hearing was conducted by the Court on January 15, 2013, at which Ms. Rencher appeared, in person and through counsel.  During the hearing, the UST and Ms. Rencher offered evidence and testimony, and presented arguments.  Having now fully considered the record, the evidence, and the arguments and submissions of the parties, the Court concludes that the imposition of sanctions against Ms. Rencher is indeed appropriate in these cases.  Here's why.

As for its findings of the relevant facts, the Court hereby adopts those facts alleged by the UST in its motions seeking issuance of the OSCs.  Without limiting this, in addition, in reaching its decision, the Court has relied upon and considered the evidence and testimony offered at the hearing, and its own record in these bankruptcy cases and the relevant prior bankruptcy cases involving Ms. Rencher's companies.  Based on the evidence and record, simply put, the Court finds that Ms. Rencher, on

MEMORANDUM and ORDER-    3

several occasions in the past, has commenced bankruptcy cases on behalf of the various business entities she controlled, including corporations and LLCs, by filing voluntary bankruptcy petitions on behalf of those entities. The bankruptcy petitions commencing these cases were signed by Ms. Rencher on behalf of the entity-debtor. However, Ms. Rencher is not an attorney, and it was inappropriate (and perhaps illegal) for her to sign the petition and pleadings to commence and prosecute these bankruptcy cases without counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (noting that "a corporation may appear in the federal courts only through licensed counsel"); *Licht v. Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating "corporations . . . must appear in court through an attorney"); *see also* Local Bankruptcy Rule 9010.1(e)(3) (stating, "[w]henever a corporation . . . desires or is required to make an appearance in this court, only an attorney of the bar of this court or an attorney permitted to practice under these rules shall make the appearance."); Idaho Code § 3-420 (prescribing fines up to $500, and incarceration up to six months, for unlicensed persons who "carry on the

MEMORANDUM and ORDER-     4

calling of a lawyer . . . ." . Moreover, in this regard, the Court finds that Ms. Rencher was aware it was improper for her to act as legal representative for these companies.

All of the prior bankruptcy cases were eventually dismissed because the various entity-debtors (*i.e.,* in actuality, Ms. Rencher) failed to file necessary schedules, statements, and other required papers with the Court.  One might ask, "Why would Ms. Rencher file bankruptcy cases, only to then allow them to be dismissed for failure to file documents and follow applicable rules?"  The answer to this question in disturbing.  The Court finds that Ms. Rencher's sole motive for filing the prior bankruptcy cases was to invoke the automatic stay in favor of her entities so as to obstruct and prevent creditors from exercising their lawful collection rights under applicable law, including the right to foreclose liens and mortgages on entity properties.  At no time did Ms. Rencher really intend that her companies either reorganize or liquidate under the bankruptcy laws.  To the contrary, Ms. Rencher, as a season bankruptcy-filer, was aware that the cases could be easily commenced by filing a petition, and

MEMORANDUM and ORDER-      5

then would be eventually be dismissed for her failure to file schedules, attend § 341(a) meetings, or other deficiencies.  In filing these bankruptcy cases, Ms. Rencher's strategy was designed only to frustrate creditors.

      The Court finds that Ms. Rencher's conduct amounted to bad faith. *See Miller, Jr. v. Cardinale (In re Miller)*, 361 F.3d 539 (9th Cir. 2004) (affirming the bankruptcy court's findings of bad faith in a debtor's "serial bankruptcy filings" and imposing sanctions under Bankruptcy Rule 9011). In each of these bogus bankruptcy cases, the UST was required to move to dismiss the cases for violations of applicable rules, and indeed, each case was thereafter dismissed, albeit after Ms. Rencher and her entity-debtors had taken advantage of the automatic stay for weeks.  Eventually, at the request of the UST, the Court not only dismissed the Rencher-filed bankruptcy cases, but given her proven track record of inappropriate actions in invoking the judicial process, the Court issued orders aimed at preventing Ms. Rencher from further, repeated bad faith bankruptcy filings.  The Clerk sent copies of the Court's orders restricting her personal ability to file incomplete bankruptcy cases to Ms. Rencher's correct mailing

MEMORANDUM and ORDER-      6

address, and even though she disputes it, the Court finds Ms. Rencher in fact received one or more copies of those orders.  As noted above, these orders all contained the same terms prohibiting similar future bad faith conduct by Ms. Rencher.

Unfortunately for all involved, Ms. Rencher was not deterred by the Court's orders.  Contrary to the terms of the orders, and acting without counsel, she personally signed petitions commencing two of these three corporate bankruptcy cases (Bankr. Nos. 12-41256 and 12-41257).  She also failed to file complete schedules and other required documents in these cases.  And in Bankr. No. 12-41334, Ms. Rencher engaged an attorney from California to file an Idaho bankruptcy case without informing him first about the Court's order restricting additional incomplete filings.[1]  In none

---

[1] Apparently, the attorney also failed to adequately and independently research the bankruptcy filing history of the company he was retained to represent, despite the question on the bankruptcy petition asking for the details of any recent filings.  The attorney's conduct in failing to discover the existence of, or to comply with, the Court's order prohibiting incomplete filings is the subject of other pending proceedings.  No opinion is expressed herein concerning the propriety of his actions.

MEMORANDUM and ORDER-    7

of the cases were complete schedules filed by Ms. Rencher or the attorney.

According to Ms. Rencher's response to the OSCs and testimony, her motivation for again causing these bankruptcy filings without first obtaining this Court's permission and without filing complete schedules was to prevent certain creditor actions she personally felt were improper. But based on the record, the Court declines to believe Ms. Rencher's testimony and arguments regarding the circumstances of these filings.[2] Instead, the Court finds that Ms. Rencher's conduct was motivated by bad faith and otherwise indefensible. In filing these bankruptcy cases under

---

[2] In her responses to the OSCs, Ms. Rencher's attorney alleges that: Debtor was simply ignorant to legal proceedings and did not adequately understand the orders of this court. Bankr. No. 12-41256, Dkt. No. 42 at 4, Bankr. No. 12-41257, Dkt. No. 36 at 4, and Bankr. No. 12-41334, Dkt. No. 66 at 4. Given the record, this statement is plainly not credible. By the time she commenced these three cases, Ms. Rencher was an experienced "do-it-yourself" bankruptcy-filer who knew that she should not be practicing law by representing her companies in federal court proceedings, and that through her deficient filings, she could only expect temporary relief from the filings before they would be dismissed for her failure to follow the rules. As noted above, the Court declines to believe Ms. Rencher's suggestions that she either did not know about the Court's prior orders restricting future bankruptcy filings, or that she did not understand the import of the terms of the orders.

MEMORANDUM and ORDER-    8

these circumstances, her conduct amounts to the knowing, willful violation of the Court's prior orders.  Ms. Rencher has (again) abused the legal process, impaired the integrity of the federal bankruptcy system, and diverted the limited resources of the UST, a case trustee, and the Court, to servicing bankruptcy cases filed for no legitimate purpose.[3]  Ms. Rencher's collective shenanigans potentially prejudice all those other parties legitimately in need of the help of the UST, the case trustee, and the Court and its staff in the thousands of good faith bankruptcy cases pending in this District.

In addition to its various statutory powers, this Court is vested with the necessary inherent powers to deal with those who refuse to willfully obey the lawful orders of the bankruptcy courts.  *See Caldwell v. Unified*

---

[3] The Court considered dismissing these cases, but has decided not to do so.  Allowing the bankruptcy cases to be administered by the trustee and closed, even though creditors will not likely receive any substantial distributions, will hopefully remove any temptation by Ms. Rencher to again attempt bankruptcy filings for these now officially-defunct companies.  In this fashion, creditors holding liens on the companies' assets may hope to pursue foreclosure without the threat of additional interruptions from the automatic stay.

MEMORANDUM and ORDER-     9

*Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 283 (9th Cir. 1996) (affirming the bankruptcy court had "inherent power to sanction" an individual that controlled a corporation for his abuse of the bankruptcy process in bad faith filing of a bankruptcy that goes beyond even Bankruptcy Rule 9011 power to sanction). Ms. Rencher's brand of mischief is unacceptable and her conduct requires a response.[4] While it gives the Court little satisfaction to do so, for all the reasons discussed above, other good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.  Until further order of the Court, Tamla Rencher is hereby prohibited and enjoined from signing or otherwise causing

---

[4] At bottom, bankruptcy is a remedy designed to give honest, unfortunate debtors a fresh financial start via a discharge of indebtedness. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934). It also provides a fair system to distribute assets among a debtor's creditors. *Id.* Corporate entities do not receive discharges. And given the extent of the claims of secured creditors, it is also doubtful that there will be any assets available for liquidation and distribution to creditors in these cases. In short, using a bankruptcy case solely to impair creditor collections actions in this situation furthers neither of these fundamental goals of the bankruptcy system.

MEMORANDUM and ORDER-    10

> the filing of any bankruptcy petition in any bankruptcy court on behalf of any person or entity other than herself.
>
> 2. Ms. Rencher is hereby sanctioned and ordered to personally pay the sum of $1,000 for each of these three cases, for a total of $3,000, to the chapter 7 case trustee, within fourteen (14) days of the date of this order, as partial compensation for the costs and expenses incurred as the result of her bad faith conduct in these cases.
>
> 3. If Ms. Rencher fails to comply with any of these conditions, upon the UST's request, the Court will consider the imposition of additional sanctions against her, including incarceration, to coerce her compliance with the terms of this Order.

Dated: February 27, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM and ORDER-   11